**Gallegos v. Gallegos**

*George E. James,* for plaintiff.

KLEIN, J., February 9, 1972.—The master has filed a report recommending that a divorce be granted to plaintiff on the ground of desertion. We have concluded that the matter must be returned to the master for a further hearing.

On October 5, 1971, the Supreme Court of Pennsylvania promulgated amendments to the Pennsylvania Rules of Civil Procedure Governing Actions of Divorce and Annulment of Marriage.

Rule 1124(b) was amended to read as follows:

"(b) If service cannot be made under Subdivision (a) (1) or (a) (2) of this rule and has not been made under Subdivision (a) (3) of this rule and the sheriff or constable has made a return or affidavit of 'Not Found,' the plaintiff *without reinstatement* of the *complaint,* shall *have the right of service* by posting a notice of the pendency of the action in the place provided for that purpose in the office of the *Prothonotary* and filing an affidavit (1) *of the posting,* (2) *of the efforts he has made to ascertain the present residence and whereabouts of the defendant,* and (3) *of the sending of a copy of the complaint, by registered mail, to the defendant at his last known address.*

Rule 1126 was amended to read as follows:

"The plaintiff shall set forth in the complaint as to the cause of action for divorce or annulment . . .

(3) the nationality, last known residence and present whereabouts of the defendant, or that the plaintiff has no knowledge thereof *and in that case the names and addresses of near relatives and other persons who would be likely to know the present residence and whereabouts of the defendant."*

Rule 1133 was amended to include a new section, (a) (2), and reads as follows:

*"Notice of the hearing shall be given to each party or his attorney of record. If the defendant has not appeared in the action notice shall be given by the plaintiff by posting a notice in the place provided for that purpose in the office of the Prothonotary, by mailing a copy to the persons named in the complaint as likely to know the present whereabouts of the defendant and by sending a copy by registered mail to the defendant at his last known address. Proof of notice shall be filed of record. There shall be no publication of notice of hearing."* (Italics supplied.)

Although the return of publication was made by the sheriff on September 24, 1971, the master's notice of hearing was not dispatched until December 1, 1971.

The order of the Supreme Court containing the above set forth amendments to the rules also provided that "The Amended Rules are effective October 5, 1971 and shall apply to the actions then pending."

There is no evidence of compliance with the provisions of amended rule 1133.

Although compliance with amended rules 1124(b) and 1126 is not necessary in the instant case, compliance with amended rule 1133 is required.

Note: The plaintiff (not the master) has the duty of providing notice of the master's hearing to defendant in such cases, and filing of record proof of such service.

## ORDER

Now, February 9, 1972, this matter is remanded to the master for further proceedings consistent with the foregoing opinion.